**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jacquelyn Mazzucca,<br>        Plaintiff,<br><br>        v.<br><br>City of Philadelphia, Philadelphia Police Officer Michael Blatchford, John Doe, and Jane Doe,<br><br>        Defendants. | CIVIL ACTION<br><br>NO. 16-4777 |

**MEMORANDUM RE: MOTION TO DISMISS**

Baylson, J.                                                    December 22, 2016

## I. Introduction

This case relates to the alleged actions of a Philadelphia Police Officer against Plaintiff. Specifically, Plaintiff asserts the following claims:

- Count 1: Claims for violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against the City of Philadelphia and Officer Michael Blatchford based on excessive use of force.

- Count 2: State law claims for Assault and Battery against Officer Michael Blatchford.

- Count 3: Claims for violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against the City of Philadelphia and Officer Michael Blatchford based on False Imprisonment and Malicious Prosecution.

- Count 4: State law claims for False Arrest and Malicious Prosecution against Officer Michael Blatchford.

- Count 5: State law claims for False Arrest and Malicious Prosecution against an unnamed married couple – John and Jane Doe.

- Count 6: *Monell* claim under 42 U.S.C. § 1983 against Defendant City of Philadelphia.

The City of Philadelphia moves to dismiss all claims against it under Rule 12(b)(6) for failure to state a claim. Officer Michael Blatchford concedes that Plaintiff has adequately stated a § 1983 claim for excessive use of force (Count 1) and a state law claim for assault (Count 2), but moves to dismiss Counts 3 and 4. For the reasons outlined below, the motion as to the City of Philadelphia is GRANTED; the motion as to Officer Blatchford is DENIED.

## II.  Factual Background

Plaintiff's allegations stem from a September 6, 2014 incident which resulted in Plaintiff's arrest. Am. Compl. ¶ 7. Taking Plaintiff's allegations as true, as is required at this stage, the factual background is as follows. Plaintiff got into an argument with "Jane and John Doe" regarding a debt they owed her, it escalated, and she sprayed mace in their direction. Id. at ¶ 8-9. The wind then blew the mace in the direction of the couple's toddler, who was in a stroller twenty feet away. Id. at ¶ 10. Defendant Officer Michael Blatchford was flagged down as he was driving by. Id. at ¶ 11. When Officer Blatchford stopped to investigate, Jane Doe accused Plaintiff of spraying mace at her child. Id. at ¶ 12. Two other witnesses told Officer Blatchford that Plaintiff did not spray mace at Jane Doe's child. Id. at ¶ 13.

Plaintiff alleges that after arriving on the scene and hearing the accusation of Jane Doe, Officer Blatchford grabbed Plaintiff, threw her against a parked car, accused her of spraying mace at the child, called her a "crackhead," and arrested her. Id. at ¶ 15. According to Plaintiff, Officer Blatchford then threw her in the back of a police wagon, did not secure her, and drove in

a rough manner to the police station.  Id. at ¶ 16-18. Plaintiff alleges that she sustained various

injuries as a result.  Id. at ¶ 19.  Plaintiff further alleges that the City of Philadelphia had a

practice of failing to discipline officers who violated the acceptable use of force policy that was

in place.  Id. at ¶ 14.

## III.   Procedural History

Plaintiff first filed her complaint on September 2, 2016.  (ECF 1).  Defendants City of

Philadelphia and Officer Michael Blatchford moved to dismiss that complaint on September 28,

2016 (ECF 2).  Rather than respond to Defendant's Motion, Plaintiff filed an amended complaint

on October 20, 2016.  (ECF 4).  Defendants then filed a second Motion to Dismiss on October

24, 2016, asking this Court to dismiss Plaintiff's amended complaint in part.  (ECF 5).  Plaintiff

responded on December 1, 2016.  (ECF 6).  Defendants' Motion is ripe and before the Court.

## IV.   Legal Standard

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint.  Fed.

R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In evaluating a motion

to dismiss, the court must view factual allegations in a light most favorable to the plaintiff,

drawing all reasonable inferences therefrom.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256,

260 (3d Cir. 2002).

The United States Supreme Court has established a two-part test to determine whether to

grant a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  First, the court must ascertain whether the complaint is

supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Twombly, 550 U.S. at 555.  In turn, these factual allegations must be sufficient to provide a

defendant the type of notice contemplated in Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a

short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 679.  In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible."  Id. at 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

## V.   Discussion

Defendants' motion concerns claims made against (1) the City of Philadelphia and (2) Officer Michael Blatchford.

### A.   City of Philadelphia

Plaintiff brings claims under 42 U.S.C. § 1983 against the City of Philadelphia.  The City of Philadelphia moves to dismiss, arguing that Plaintiff's allegations are insufficient under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).  Plaintiff argues that only one of its claims is brought under Monell (Count 6), so at the very least, her other claims against the City should move forward (Counts 1 and 3).  Contrary to Plaintiff's characterization, as a matter of law, any § 1983 claim against a local government must satisfy Monell.

Local governments and political subdivisions are not immune from damages liability for claims brought under § 1983.  Owen v. City of Independence, 445 U.S. 622, 657 (1980).  However, a local government is only subject to § 1983 liability where the local government itself causes a constitutional violation.  Monell, 436 U.S. at 694.  That is, a local government cannot be

4

held liable under § 1983 simply because of the actions of one of its employees.  Id. (expressly rejecting municipal § 1983 liability based on a *respondeat superior* theory); see also Cloyd v. Delaware Cty., No. CV 14-4833, 2015 WL 5302736, at *2 (E.D. Pa. Sept. 10, 2015) (Baylson, J.).

A municipality can be held liable under § 1983 only when the implementation of an officially adopted policy or an informally adopted custom causes the alleged constitutional violation.  Mulholland v. Gov't Cty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013).  In the absence of an official policy, a course of conduct can be considered a custom when municipal officials' practices are "so permanent and well settled as to virtually constitute law."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

Plaintiff's allegations do not establish a policy or custom.  Indeed, it is not clear whether Plaintiff is attempting to allege a violation caused by an insufficient official policy or a violation caused by the custom of non-enforcement of the policy that is in place.  Construed broadly, at best, Plaintiff has generically alleged a pattern of non-enforcement of disciplinary policies.  Plaintiff does not provide any factual details that would indicate that this alleged pattern had risen to the level of custom as described by the Third Circuit in Andrews.  895 F.2d at 1480.  Plaintiff has not plausibly alleged that the non-enforcement of the disciplinary policy regarding excessive use of force caused Officer Blatchford to violate Plaintiff's constitutional rights.

In Knellinger v. York Street Property Development, 57 F. Supp. 3d 462, 472 (E.D. Pa. 2014), Judge Dalzell dealt with a similar legal issue.  There, Plaintiffs were owners of buildings adjacent to property that was destroyed by fire.  Among other claims, they advanced a Monell claim against the City of Philadelphia, alleging that by failing to adequately enforce building regulations, the City had violated the Plaintiff's constitutional rights.  Specifically, the plaintiffs

alleged in their complaint that there was a policy and custom to "refuse to meaningfully enforce" City codes, "to fail and/or decline to take appropriate legal action", and "to fail and/or decline to follow its stated, internal policies and procedures regarding" those codes.  Judge Dalzell held that these "bare" allegations did not establish a policy or custom, and at most alleged a failure to take action in one instance.  Accord <u>Walker v. N. Wales Borough</u>, 395 F. Supp. 2d 219, 226 (E.D. Pa. 2005) (Baylson, J.).

Plaintiff's allegations in this case are even thinner than the Plaintiffs' allegations in <u>Knellinger</u>, as she provides no factual detail to support her generic statements.  The City of Philadelphia's Motion to Dismiss is GRANTED without prejudice.

B.  <u>Officer Michael Blatchford</u>

Defendant Officer Michael Blatchford moves to dismiss two of the four claims advanced against him.  Specifically, Officer Blatchford concedes that Plaintiff has stated a § 1983 claim for excessive use of force (Count 1) and a state law tort claim for assault and battery (Count 2), but moves to dismiss a § 1983 claim based on false arrest and malicious prosecution (Count 3) and a state law tort claim for false arrest and malicious prosecution (Count 4).

Defendant Officer Blatchford advances two arguments in support of his motion: (1) given Plaintiff's allegation that a witness identified her, Plaintiffs claims based on false arrest and malicious prosecution must be dismissed because there was probable cause to arrest (2) that Plaintiff's § 1983 claim based on false arrest is precluded because Officer Blatchford is entitled to qualified immunity.

1.  *Probable Cause*

A successful false arrest claim under Section 1983 requires a showing that police lacked probable cause to make the arrest.  <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 634 (3d Cir.

1995).  The same showing is required to state a claim under Pennsylvania common law.  See

Patzig v. O'Neil, 577 F.2d 841, 850 n. 9 (3d Cir. 1978).  An officer has probable cause for an

arrest "when the facts and circumstances within the arresting officer's knowledge are sufficient .

. . to warrant a reasonable person to believe that an offense has been or is being committed by the

person to be arrested."  Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  As a

general matter, the existence or lack of probable cause is a factual determination.  Dempsey v.

Bucknell Univ., 834 F.3d 457, 468 (3d Cir. 2016).

As described above, Officer Blatchford is correct in his contention that lack of probable

cause to arrest is a required element of a false arrest claim, both under § 1983 and Pennsylvania

Common law.  See DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005).

However, this Court disagrees with Defendant's argument that as a matter of law, witness

identification alone *necessarily* establishes probable cause to arrest an alleged perpetrator.

Indeed, the totality of Plaintiff's allegations plausibly suggest a situation where a reasonable

person in Officer Blatchford's position would not have believed that Plaintiff committed a crime.

The two cases cited by Defendant Officer Blatchford in support of his argument are

appeals from decisions made at the Summary Judgment stage.  See Lincoln v. Hanshaw, 375 F.

App'x 185 (3d Cir. 2010); Mitchell v. Obenski, 134 F. App'x 548 (3d Cir. 2005).  Although

witness identification was a piece in allowing the Third Circuit to hold, based on a full factual

record, that probable cause to arrest existed in each of those cases, neither counsels in favor of

dismissal at this stage.  Indeed, neither of the cited cases stands for the proposition that witness

identification *always* establishes probable cause – in both cases, the Third Circuit considered the

identification to be just one factor in its decision.  Here, to make a determination that probable

cause *must* have existed would be premature.  Compare Watson v. Witmer, 183 F. Supp. 3d 607

(M.D. Pa. 2016) (holding that a finding of probable cause was premature at the motion to dismiss stage of a false arrest case despite an allegation that a parole officer identified the Plaintiff as the perpetrator of a crime).

   2.   *Qualified Immunity*

The Supreme Court has held that because qualified immunity shields officers from suit, not just from trial, the district court should "resolve any immunity question at the earliest possible stage of the litigation," Anderson v. Creighton, 483 U.S. 635, 646 n. 6. However, the Third Circuit has warned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 F. App'x 788, 791 n. 3 (3d Cir. 2009); see also Garey v. Borough of Quakertown, 2012 WL 3562450, at *3 (E.D. Pa. Aug. 20, 2012) (Baylson, J.).

Although qualified immunity can be a fact-specific inquiry, when the material facts are not in dispute, the district court may decide whether a government official is shielded by qualified immunity as a matter of law. Orsatti, 71 F.3d at 483. The Supreme Court has outlined a two-step process for determining whether a defendant is entitled to qualified immunity. First, a court must analyze whether, "[t]aken in the light most favorable to the [plaintiff], . . . the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, the court must "ask whether the right was clearly established." Id. The central inquiry under the second prong is whether it would have been clear to a reasonable officer that their actions were unlawful under the circumstances. Id. at 202.

Here, the first prong is established, as arrest without probable cause is a violation of the Fourth Amendment. Regarding the second prong, an officer may be entitled to qualified immunity from a § 1983 claim for false arrest even if he or she actually lacked probable cause to

8

arrest.  That is, if it would not have been clear to a reasonable officer that they lacked probable cause, then the officer is entitled to immunity.  Taking Plaintiff's allegations as true, at this juncture, this Court is unable to hold that Officer Blatchford is conclusively entitled to qualified immunity.  Officer Blatchford is free to reassert qualified immunity at summary judgment or at trial.

## VI.    Conclusion

As to the City of Philadelphia, Defendants' Motion is granted without prejudice, and as to Officer Blatchford, Defendants' Motion is denied.  An appropriate order follows.

O:\CIVIL 16\16-4777 Mazzucca v. City of Phila\Memo - Motion to Dismiss.docx